UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW BAGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-1077-JES-JEH |
| | ) |
| DEPUTY BRADY STEELE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER AND OPINION

This matter is now before the Court on Defendants' Motion (Doc. 12) to Dismiss. Plaintiff has filed a Response (Doc. 14) and this Order follows.

### BACKGROUND

The following facts are taken from Plaintiff's Complaint, which the Court accepts as true for the purposes of a motion to dismiss. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). Plaintiff Matthew Baggs filed this civil rights case on February 25, 2020, naming as Defendants Deputy Brady Steele, Tazewell County Sheriff's Department, Officer Nicholas Swise, and East Peoria Police Department. Doc. 1, at 1. In his Complaint, Plaintiff alleges that on November 25, 2019, he took his newborn daughter home from the hospital and dropped her off at her mother's home. While dropping her off, Plaintiff engaged in a verbal argument with Shonna, the child's mother's spouse. After the verbal altercation, Plaintiff went and got a hair cut and was on his way to drop of childcare supplies when he stopped at his home. Defendants Deputy Steele and Officer Swise, along with 5 to 8 other officers, were waiting for Plaintiff when he arrived home. Plaintiff states "I got out of my car and all the officers followed my car down the driveway and met me I swarm at my back door." Doc. 1, at 3. Deputy Steele

1

then informed Plaintiff he was under arrest for aggravated assault and provided Plaintiff with *Miranda* warnings. *Id*. at 4.

Plaintiff was then transported to jail, where he posted bond. After posting bail, Plaintiff "blacked out" and lost his memory of the entire night except for small snippets. *Id*. When he appeared at court on January 6, 2020, he was told his case was not on the docket. He proceeded to speak with the State's Attorney, who advised his case was under review. Weeks later, Plaintiff received a check returning his bail money but not the processing fee. *Id*.

Based on the above allegations, Plaintiff asserts Defendant Steele violated his Fourth, Fifth, and Sixth Amendment rights by placing him under arrest for aggravated assault "without getting the full story" and "without knowing the provisions of 720 ILCS 5/12-2" because Steele took him to jail even though no law was broken. *Id*. at 1. Plaintiff alleges the custom of Defendant Tazewell County Sheriff's Office violates his rights because it allows its deputies to make arrests based on their discretion even though the officers do not know the law. Additionally, Plaintiff alleges the unrefunded $30 processing fee is, in his belief, "policing for profit." *Id*. at 2.

Also based on the above allegations, Plaintiff asserts Defendant Swise violated his Fourth Amendment rights by searching his person even though no law was broken, and by seizing a multi-tool off his person with no probable cause. *Id*. at 2. Plaintiff alleges the custom of Defendant East Peoria Police Department violates his rights because it allows for patrol officers to assist in arrests conducted by the sheriff's department, but does not require the officers to know the provisions of the law. *Id*.

On April 7, 2020, Defendants filed a Motion to Dismiss. Doc. 12. First, Defendants argue Plaintiff fails to adequately plead sufficient facts to support a reasonable inference that his arrest

lacked probable cause. Doc. 12, at 3. Specifically, Defendants note Plaintiff omitted most details regarding the verbal altercation between Plaintiff and Shonna and failed to include information Deputy Steele might have learned from them. *Id*. at 4. Further, Defendants note the State's Attorney's decision not to prosecute Plaintiff for aggravated assault does not necessarily support an inference there was no probable cause at the time of arrest, since prosecutorial decisions often take into account developments occurring after an arrest. Further, Defendants take issue with Plaintiff's assertion that the Defendant officers should have done more "to get the full story," arguing Deputy Steele was under no obligation to investigate further after obtaining enough facts to believe a crime had been committed from a "reasonably trustworthy source." *Id*. at 5. And since Plaintiff invoked his right to an attorney after he was read *Miranda* warnings, Defendants argue Plaintiff's Complaint begs the question of what Deputy Steele should have done to investigate further. Finally, Defendants argue Plaintiff pleaded insufficient facts to support an inference Officer Swise knew Deputy Steele allegedly lacked probable cause for Plaintiff's arrest. *Id*.

Additionally, Defendants argue Plaintiff's Complaint contains insufficient facts to support an inference that the search of Plaintiff's person was unlawful. *Id*. at 5. Moreover, Defendants suggest that, "given that Plaintiff was or was going to be arrested at the time of the search, the thin description of Officer Swise's search implies that same was most likely a pat-down search for officer safety purposes or performed incident to that ultimate arrest." *Id*. (citing *Cambell v. Miller*, 499 F.3d 711, 716–17 (7th Cir. 2007); *United States v. Robinson*, 414 U.S. 214 (1973)). Defendants further argue that Officer Swise was there to assist Deputy Steele in arresting Plaintiff for aggravated assault, which may have involved display of a weapon, and the need to preserve evidence (i.e., the knife) is not a violation of Plaintiff's rights. *Id*. at 6.

Lastly, Defendants argue Defendants Tazewell County Sheriff's Department and East Peoria Police Department are not entities subject to suit. *Id*. at 6. Specifically, Defendants argue the capacity of a governmental organization to sue or be sued is governed by Illinois law (citing Fed. R. Civ. P. 17(b)), and under Illinois law, neither TCSD nor EPPD are legal entities subject to suit. *Id*. Further, Defendants note that even if Plaintiff named the correct governmental entity in this case, Plaintiff has nevertheless failed to plead an underlying constitutional violation which would give rise to a *Monell* claim. *Id*. at 7.

On April 17, 2020, Plaintiff filed his Response to Defendants' Motion to Dismiss. Doc. 14. Therein, he asserts Defendants lacked probable cause to arrest him because he did not break any laws. *Id*. at 2. Further, Plaintiff argues Illinois' Aggravated Assault statute is only violated when an assault takes place in a public place. *Id*. Because Plaintiff was in a private residence when the incident occurred, he asserts the police officers could not have had probable cause to believe he committed aggravated assault. *Id*. at 3.

Next, Plaintiff responds to Defendants' claim that he omitted facts from his Complaint regarding the verbal altercation with Shonna. Because the admissions contained in this portion of Plaintiff's Response doom most of his lawsuit, the Court reproduces it at length here.

> The defendants claim I am conspicuously omitting the verbal altercation with Shonna and this is untrue. I did not include what words were said because I can not recall the words said. The whole point of the first amendment is to be able to speak up and express your displeasure to those who have wronged you. Freedom of speech is in the constitution to prevent physical violence and you refer to the police report, *Exhibit C*, you will find no physical violence occurred. Words themselves cannot constitute violence as words are not actions and violence can only be done by an action. Deputy Steele arrested me for exercising my first amendment right to the person that broke my family up. If you refer to the police report, you will see only one "Vulgar Threat" stated and Michala and Shonna both lied to Deputy Steele saying I threated Shonna with a knife. This is untrue because threatening with a knife implies, I displayed or showed a physical weapon and I did not and referring to the investigation portion of the police report, *Exhibit D*, the officer even states

> no weapons were used. If you then refer to the police report, *Exhibit C*, *paragraph 7*, it states no contraband was found, and contraband in this use means weapons.
>
> The defendants further state that the facts gained were from a reliable source and that is untrue. As stated in the previous paragraph, <u>the "facts" given to the officer were in fact not facts as the "witness" stated the falsehood of being threatened WITH a knife</u> and Michala and Shonna are being sued for defamation.
>
> ***
>
> Also, during the dispute no weapon was presented nor did I even have my multi-tool on me during the incident. The multi-tool taken from me was equipped approximately 30 minutes after the dispute and is irrelevant to this claim and was never given back to me after charges were dismissed….

Doc. 14, at 3, 5 (in original, except where emphasis added with underlines).

On May 5, 2020, Defendants filed a Reply to Plaintiff's Response. Doc. 16. Therein, Defendants first note the Illinois Aggravated Assault statute is not limited to assaults committed in public places, but also includes assaults occasioned with the use of a firearm, device, or motor vehicle. *Id*. at 1; 720 ILCS 5/12-2(c). Second, Defendants assert that, while courts are generally limited to the allegations in a plaintiff's complaint when considering motions to dismiss, Plaintiff's attachment of the police reports to his filings creates an exception to that rule. Because the police reports attached to Plaintiff's filings indicate that Shonna and Michala reported Plaintiff threatened to stab Shonna in the neck or throat with a knife, Defendants argue Deputy Steele had probable cause to arrest Plaintiff for aggravated assault, assault, or disorderly conduct. *Id*. at 2 (citing Doc. 14-1, at 11). Since probable cause is an absolute bar to a false arrest claim, Defendants maintain Plaintiff cannot state a claim for false arrest. *Id.* Defendants also note the First Amendment does not protect threats to murder someone with a knife, and assert the 10% bail bond fee is mandated by Illinois statute and not unconstitutional. *Id*. at 3–4.

On May 18, 2020, Plaintiff filed a Sur-reply, which this Court has examined and considered. Doc. 17. This Order follows.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible*, 799 F.3d at 639. To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). However, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim[,]" and may therefore be considered by a district court when ruling on a motion to dismiss. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994), *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("[A] court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice."). Moreover, "[t]he court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction

and meaning to be given the material." *Rosenblum*, 299 F.3d at 661 (quoting 5 Wright & Miller, *Federal Practice & Procedure: Civil 2d*, § 1327 at 766 (1990)).

### DISCUSSION

**(1) False Arrest Claim**

Plaintiff may only proceed with his false arrest claim if the police officer who arrested him lacked probable cause to believe he committed a crime. *Morfin v. City of E. Chicago*, 349 F.3d 989, 997 (7th Cir. 2003). "A police officer has probable cause to arrest an individual when the facts and circumstances that are known to him reasonably support a belief that the individual has committed, is committing, or is about to be commit a crime." *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 679 (7th Cir. 2007). In his Response, Plaintiff admitted Shonna and Michala told Deputy Steele he threatened them with a knife. Doc. 14, at 3. He also attached the police report indicating the same. Doc. 14-1, at 11 ("[Shonna] advised [Plaintiff] did in fact state, 'I'm going to put a 6 in blade through that bitch[s'] throat' ".).

"In making a decision to arrest someone for criminal conduct that he did not witness, a police officer may rely on information provided to him by the victim or by an eyewitness to the crime that the officer reasonably believes is telling the truth." *Holmes*, 511 F.3d at 680 (citing *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 524 (7th Cir. 2001); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986)). Here, Deputy Steele responded to Michala and Shonna's 911 call and took statements from them. Doc. 14-1, at 11. Those statements were consistent. *Id*. He tried to get Plaintiff's "side of the story," but Plaintiff refused. Doc. 14, at 7 ("[H]e read me my rights and then asked if I wanted to speak with him and

I told him no[.]"). A multi-tool[1] was seized from Plaintiff's person at the time of his arrest. Doc. 1, at 2. Based on these facts, Deputy Steele reasonably relied on the statements of Shonna and Michala when he determined probable cause existed to believe Plaintiff committed an offense. *See Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998) ("So long as a reasonably credible witness or victim informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest...." ).

Plaintiff's First Amendment argument may be quickly discarded, as threats of violence are not entitled to First Amendment protections. *See R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 388 (1992) ("[T]hreats of violence are outside the First Amendment."). The Court also summarily rejects Plaintiff's claim that aggravated assault in Illinois is limited to assaults in public places. Plaintiff's possession of a weapon while allegedly threatening Shonna and Michala was sufficient for the arresting officers to believe he committed an aggravated assault as that offense is defined by Illinois law. *See* 720 ILCS 5/12-2(c). For these reasons, Plaintiff's false arrest claim must be dismissed. Further, given the admissions by Plaintiff in his filings, the Court declines to allow Plaintiff leave of court to amend on this claim, as doing so would be futile.

**(2) Unlawful Search and Seizure Claim**

Plaintiff's unlawful search and seizure claim is derivative of his false arrest claim, and fails for the same reasons set forth above—the Defendant officers had probable cause to believe Plaintiff committed a crime at the time of his arrest. "A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." *Campbell v. Miller*,

---

[1] A multi-tool is defined by Merriam-Webster as: a compact, portable device that has blades and extensions for many tools (such as knives, screwdrivers, pliers, scissors, openers, and saw blades) which can be folded into the handle. *See* https://www.merriam-webster.com/dictionary/multi-tool (last visited June 25, 2020).

499 F.3d 711, 716–17 (7th Cir. 2007) (quoting *United States v. Robinson*, 414 U.S. 218, 235 (1973)). Accordingly, Plaintiff's unlawful search and seizure claim must be dismissed. For the same reasons set forth above, the Court declines to allow Plaintiff leave of court to amend on this claim.

**(3) Eighth Amendment Excessive Bail Claim**

Finally, Defendants move for dismissal of Plaintiff's Eighth Amendment excessive bail claim. *See* Doc. 16, at 3. "The Excessive Fines Clause … "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.' " *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (quoting *Austin v. United States*, 509 U.S. 602, 609–610 (1993)). "Forfeitures—payments in kind—are thus 'fines' if they constitute punishment for an offense." *Id*. Here, putting aside for a moment the fact that Plaintiff has not sought to sue the State of Illinois, the 10% bail bond fee is neither excessive nor punishment for an offense. In fact, Plaintiff could have avoided the bail bond fee entirely if he posted the full cash bond. *See* 725 ILCS 5/110-7(f). Because Plaintiff could have avoided the fee by posting the full bond amount, the fee is necessarily not "punishment for an offense." Accordingly, Plaintiff's excessive bail claim must also be dismissed.

**(4) *Monell* Claims**

Plaintiff seeks to hold the Tazewell County Sheriff's Department and East Peoria Police Department liable under a *Monell* theory of liability for a pattern or practice of civil rights violations. Because Plaintiff fails to adequately allege an underlying constitutional violation, his policy claims must be dismissed as well. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

## CONCLUSION

For the reasons set forth above, Defendants' Motion (Doc. 12) to Dismiss is GRANTED, and this action is DISMISSED WITH PREJUDICE.

The Clerk is directed to close the case.

Signed on this 29th day of June, 2020.

<u>s/ James E. Shadid</u>
James E. Shadid
United States District Judge